FILED

2011 FEB 10 AM 9:58

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMMY O'NEIL CHARITY,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>CHAIRPERSON, BOARD OF PAROLE HEARING; ATTORNEY GENERAL OF CALIFORNIA,<br><br>　　　　　　　　　　Defendants. | Case No. 11-CV-244 BEN (BLM)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

## I.

## INTRODUCTION AND BACKGROUND

Plaintiff, a state prisoner currently incarcerated at Chuckawalla Valley State Prison, located in Blythe, California, has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff's complaint specifically challenges the validity of a parole hearing which appears to have been conducted at California State Prison, Los Angeles County (CSP-LAC), in Lancaster, California. (*See* Compl. [Doc. # 1] at 1.) However, the only named Defendants are alleged to reside in Sacramento, California. (*Id.* at 2.)

///

---

[1] In addition, Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP"), along with a motion to appoint counsel. [Doc. ## 2 & 3.]

## II.

## DISCUSSION

An initial, *sua sponte* review of this action reveals that this Judicial District is not the proper venue for Plaintiff's action. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (holding that district courts may raise propriety of venue *sua sponte* where defendant has not yet filed a responsive pleading and, consequently, the time to raise the objection has not yet passed). Proper venue lies in the judicial district where a defendant resides or may be found or in the district in which a substantial part of the events giving rise to Plaintiff's claim occurred. *See* 28 U.S.C. § 1391(b) ("A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."); *Costlow*, 790 F.2d at 1488 (citing 28 U.S.C. § 1391(b)); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) ("A claim arises in any district in which a substantial part of the acts, events, or omissions occurred that gave rise to the claim.").

Here, Plaintiff alleges civil rights violations arising in both Los Angeles and Sacramento, which are situated in the Central and Eastern Districts of California. *See* 28 U.S.C. §§ 84(c)(1)–(2) & 84(b). Significantly, no claim is alleged to have arisen — or to have any connection to — the Southern District of California. *See* 28 U.S.C. § 84(d) ("The Southern District comprises the counties of Imperial and San Diego."). Consequently, the proper venue for this action is the Central District of California's Eastern or Western Divisions or the Eastern District — ***not*** the Southern. *See* 28 U.S.C. §§ 84(c)(1)–(2), 84(b) & 1391(b); *Costlow*, 790 F.2d at 1488.

Since venue in this action was laid in the wrong Judicial District, the Court must dismiss the case. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought."). If Plaintiff chooses

to proceed with this action he should re-file his complaint, along with his motion to proceed IFP, in either the Central or Eastern Districts of California.

### III.
### CONCLUSION

Accordingly, this action is **DISMISSED** without prejudice for lack of proper venue, pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 09, 2011

THE HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE